# Commonwealth *v.* Lee, Appellant.

*Criminal law—Murder—Insanity—Charge of court.*

1. On the trial of an indictment for murder it is reversible error for the court to charge the jury that they might acquit the defendant if they believed from the evidence that at the time of the killing he was insane, but that they "should be fully satisfied of defendant's insanity."

2. On the trial of an indictment for murder, it is manifest error for the court to charge as follows: "The burden of reducing the crime from murder to manslaughter where it is proved that the prisoner committed the deed lies on him, but it is incumbent on the commonwealth to satisfy you beyond a reasonable doubt of those facts and circumstances which constitute a crime of murder in the first degree. If you are satisfied beyond a reasonable doubt that malice did not exist, then the killing would be manslaughter."

3. Where on the trial of an indictment for murder the prisoner presents a point which is not applicable to the case under the evidence, a wrong answer to the point is of no consequence except it be shown that the defendant was prejudiced thereby.

MITCHELL, C. J., POTTER and ELKIN, JJ., dissent.

Argued Oct. 18, 1909. Appeal, No. 310, Jan. T., 1909, by defendant, from judgment of O. & T. Mifflin Co., Jan. T., 1909, No. 1, on verdict of guilty of murder of the first degree in case of Commonwealth v. Frank Lee. Before MITCHELL, C.J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Indictment for murder. Before WOODS, P. J.

At the trial the prisoner introduced evidence tending to show that he was insane at the time of the killing.

The prisoner presented the following points:

6. That if the jury believe from the evidence in the case that the mind of the defendant was so affected by rage and passion arising from the provocation given as to be incapable of resisting the impulse of the moment, when the defendant fired the fatal shot, even though he intended to kill, he is but guilty of manslaughter. *Answer:* If the intention to kill

exists and the weapon was selected and the deed committed, it would be murder either of the first or second degree, unless you believe, gentlemen of the jury, that the defendant was insane. [3]

8. The burden of proof never shifts but rests on the prosecution throughout, so that if the jury cannot find from the evidence malice beyond a reasonable doubt, such reasonable doubt is sufficient to reduce the grade to voluntary manslaughter. *Answer:* The burden of reducing the crime from murder to manslaughter where it is proved that the prisoner committed the deed, lies on him; but it is incumbent upon the commonwealth to satisfy you beyond a reasonable doubt of those facts and circumstances which constitute the crime of murder in the first degree. If you are satisfied beyond a reasonable doubt that malice did not exist, then the killing would be manslaughter. [4]

10. If the jury believe from the evidence that at the time of the homicide the defendant was insane, he must be acquitted. *Answer:* This point is affirmed, but you should be fully satisfied of defendant's insanity before you should acquit him of all crime. [6]

Verdict of guilty of murder of the first degree. Defendant appealed.

*Errors assigned* were (3, 4, 6) above instructions, quoting them.

*F. W. Culbertson*, with him *R. W. Patton*, for appellant.— The prisoner's eighth point should have been affirmed: Tiffany v. Com., 121 Pa. 165; Pannell v. Com., 86 Pa. 260; Com. v. Gerade, 145 Pa. 289; Coyle v. Com., 100 Pa. 573.

The court erred in its answer to the prisoner's tenth point as the same placed upon the prisoner a greater burden in making out his defense of insanity than the law required of him: Pannell v. Com., 86 Pa. 260; Meyers v. Com., 83 Pa. 131; Com. v. Gerade, 145 Pa. 289; Coyle v. Com., 100 Pa. 573.

*L. J. Durbin*, with him *J. C. Houser*, district attorney, for appellee.—Where the killing is admitted and insanity or want

of legal responsibility is alleged as an excuse, it is the duty of the defendant to satisfy the jury that the insanity actually existed at the time of the act, and a doubt as to such insanity will not justify the jury in acquitting him upon that ground: Lynch v. Com., 77 Pa. 205; Sayres v. Com., 88 Pa. 291; Com. v. Wireback, 190 Pa. 138; Com. v. Heidler, 191 Pa. 375.

OPINION BY MR. JUSTICE STEWART, January 3, 1910:

Defendant was charged with the crime of murder. On the trial of the case this instruction was asked for on his behalf, "If the jury believe from the evidence that at the time of the homicide the defendant was insane he must ·be acquitted." The point was answered in this way,—"This point is affirmed, but you should be fully satisfied of defendant's insanity." In Meyers v. Com., 83 Pa. 131, where a like defense was set up, the instruction was that the defense could avail only as the jury were "satisfied beyond a reasonable doubt" that the prisoner was insane at the time the act was committed. We there held that the instruction was too stringent; that it threw the prisoner upon a degree of proof beyond the legal measure of his defense; that all that is required is proof which is satisfactory, such as flows fairly from a preponderance of the evidence; and the judgment was accordingly reversed. In Coyle v. Com., 100 Pa. 573, the instruction was that the de-· fense of insanity must be established "by clearly preponderating evidence." This was held to be error on the ground that it was practically saying that the defense was to be established beyond all doubt or uncertainty; and a reversal there followed. In Com. v. Gerade, 145 Pa. 289, the instruction was that the insanity relied on as a defense "must be clearly proved." This was held to be error, and the judgment was reversed. In this latter case it was said, "As applied to the degree of proof required to rebut the presumption of sanity, and sufficiently prove the existence of insanity, there is no appreciable difference between the expression "clearly proved," and "proved by clearly preponderating evidence." If there is any difference the former calls for the higher degree of proof. It is almost equivalent to saying "proved beyond a reasonable

doubt," because, if any doubt as to the existence of a particular fact exists, it cannot be said to be "clearly proved." So here, the expression "fully satisfied of defendant's insanity" can only be understood as meaning that the evidence must be so convincing as to leave the minds of the jury without doubt as to the existence of the fact alleged; for one cannot be said to be fully satisfied of the existence of a fact except as he is free from doubt on the subject. True, a reasonable doubt of the fact of insanity will not operate to acquit when this defense is set up; but then on the other hand, the fact that a doubt may remain in the mind does not necessarily convict, for as said in Meyers v. Com., 83 Pa. 131, when the evidence raises a balancing question, and the mind is brought to determine its preponderance, there may be a doubt still existing in the mind, yet the actual weight may be with the prisoner; and this proof should be considered satisfactory. We find nothing in the general charge which corrects in any way the error that is here committed. Repeatedly in the course of the charge the jury were told that in order to acquit on the ground of insanity, the evidence must satisfy the jury that this was the defendant's mental condition. This in itself was correct enough; and it was repeated with a frequency that must have impressed the jury. But as an instruction it was inadequate, since in not a single instance where the instruction occurs, was the jury informed that what the law requires in such cases, in order to acquit, is that insanity be made to appear by a preponderance of the evidence; nor did the instruction conflict in the slightest with that given in the answer complained of. If there was error in the answer, as there certainly was, the charge did nothing to correct the mischief.

Still more pronounced was the error which is made the subject of the fourth assignment. In answer to a point submitted the court ruled as follows, "The burden of reducing the crime from murder to manslaughter where it is proved that the prisoner committed the deed lies on him, but it is incumbent on the commonwealth to satisfy you beyond a reasonable doubt of those facts and circumstances which constitute a crime of murder in the first degree. If you are sat-

isfied beyond a reasonable doubt that malice did not exist, then the killing would be manslaughter." The error here is so manifest that it need not be particularized, much less discussed. The subject of the third assignment is the answer of the court to defendant's sixth point. The point might well have been refused without more, since we see nothing in the evidence which makes it applicable to the case. That a wrong answer—in the sense that it was not responsive—was given, is of no consequence except it be shown that the defendant was prejudiced thereby. The answer was not responsive to the point; but the point was without correspondence to the case. When one withdraws from a fight and goes a half square away to his home, there gets a gun and coming back to the scene of the fight enters his antagonist's house and shoots him, the law is not so indulgent to the infirmity of human nature as to extenuate the offense committed. And that was this case as presented in the evidence. It did not call for instruction as to the law governing cases where the defendant, while engaged in actual combat, or immediately upon sufficient provocation and in the heat of blood kills his antagonist. It is unnecessary to refer to the other assignments of error; an answer to each is to be found in what we have already said. The judgment is reversed and a venire de novo awarded.

MITCHELL, C. J., POTTER and ELKIN, JJ., dissent.