# Commonwealth *v.* Lee, Appellant.

*Criminal law—Murder—Insanity—Evidence—Presumption of sanity—Preponderation of evidence.*

1. Evidence of insanity set up in defense of one charged with a crime must be preponderating when weighed against the presumption of sanity and the evidence of the commonwealth in support of it.

2. In a murder case the trial judge cannot be convicted of error in charging as follows: "It is the duty of the prisoner, or some one in his behalf, his counsel, to satisfy you by evidence and by appropriate argument that this man was in such a state of mind at the time the act was committed that he is not to be held responsible for what he did. He is bound to show you by such amount of evidence, a preponderating amount of evidence, that is, an overbalancing amount of evidence, when taken in connection with the evidence on the other side and taken in connection with the presumption of sanity, as will satisfy you, as reasonable men, as intelligent men, that this man did not know what he was about."

Argued May 15, 1911. Appeal, No. 116, Jan. T., 1911, by defendant, from judgment of O. & T. Phila. Co., Sept. Sessions, 1908, No. 445, on verdict of guilty of murder of the first degree in case of Commonwealth v. George Lee. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Indictment for murder. Before Willson, P. J.

At the trial it appeared that the prisoner, a Chinaman, on July 14, 1908, shot and killed Lee Chit, another Chinaman. The defense was insanity. A large number of experts were called both by the prisoner and the commonwealth, and their testimony was conflicting.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed.

*Error assigned* was the portion of the charge quoted in the opinion of the Supreme Court.

*A. S. L. Shields,* with him *Cornelius Haggarty, Jr.,* for appellant.—The charge was erroneous: Com. v. Molten, 230 Pa. 399; Coyle v. Com., 100 Pa. 573; Ortwein v.

Com., 76 Pa. 414; Brown v. Com., 78 Pa. 122; Pannell v. Com., 86 Pa. 260; Meyers v. Com., 83 Pa. 131; Com. v. Lee, 226 Pa. 283.

*Wm. Findlay Brown*, assistant district attorney, with him *Samuel P. Rotan*, district attorney, for appellee.

PER CURIAM, July 6, 1911:

The defense of insanity was made for the prisoner, and it was unavailing. The sole assignment of error, asking for a reversal of the judgment passed upon him, is to that portion of the charge of the learned trial judge in which, in commenting on the defense of insanity, he said: "It is the duty of the prisoner, or some one in his behalf, his counsel, to satisfy you by evidence and by appropriate argument that this man was in such a state of mind at the time the act was committed that he is not to be held responsible for what he did. He is bound to show you by such amount of evidence, a preponderating amount of evidence, that is, an overbalancing amount of evidence, when taken in connection with the evidence on the other side and taken in connection with the presumption of sanity, as will satisfy you, as reasonable men, as intelligent men, that this man did not know what he was about." This was a strictly correct instruction. Evidence of insanity set up in defense of one charged with a crime must be preponderating when weighed against the presumption of sanity and the evidence of the commonwealth in support of it. While we have repeatedly held that it is error to instruct the jury that the evidence of insanity must clearly preponderate, that insanity must be clearly proved, and the jury fully satisfied of it, we have as often said, and as late as Com. v. Lee, 226 Pa. 283, that it must preponderate, and, when it preponderates, it overbalances the presumption and proof of sanity. The words are synonymous. Without overbalancing evidence of insanity, the presumption of sanity stands. The assignment of error is overruled, the judgment is affirmed and the record remitted for the purpose of execution.