# Commonwealth v. Sushinskie, Appellant.

*Criminal law—Procedure—Jurors—Challenge for cause—Judicial discretion.*

1. In exercising his discretion as to the fitness of a juror to serve in a trial for murder, the trial judge has the juror before him and much latitude must be left to him; and the weight to be given to the answers of the juror when examined on his voir dire is not to be determined exclusively by the words as they appear in the printed record. They are first to be weighed by the trial judge, who, in the exercise of a wide discretion, may conclude that the juror is not competent to enter a jury box for the purpose of rendering an impartial verdict, notwithstanding his words to the contrary; and nothing short of palpable error will warrant a reversal.

2. Where on the trial of one accused of murder a juror in answer to a question by the court, stated that he had formed an opinion as to the guilt or innocence of the accused, but that he could and would render a verdict according to the evidence if sworn as a juror in the case; but on cross-examination by the district attorney stated that he would take his formed opinion with him into the jury box and would keep it until he had heard evidence to contradict or offset it and was thereupon challenged for

cause and excused, a conviction of murder of the first degree and sentence of death should not be reversed.

3. The court did not err in such case in excusing a juror challenged by the Commonwealth because he stated that "circumstantial evidence could not be strong enough for me to convict a man of murder of the first degree."

*Practice, Supreme Court—Assignments of error—Defective assignments.*

4. Assignments of error complaining of alleged improper remarks by the district attorney, of the refusal of the court to withdraw a juror after such remarks were made, and of its refusal to instruct the jury to disregard them, will not be considered where it does not appear from the record what the remarks were or that any request was made for the withdrawal of a juror.

*Murder—Insanity as a defense—Burden of proof—Degree of proof required—Charge to jury.*

5. Sanity is the normal condition of man and where insanity is set up as a defense to an act, which otherwise would be a crime, the burden rests upon the prisoner to prove his abnormal condition.

6. In a trial for murder where the defense is insanity it is not error for the trial judge to charge that "with this burden of proof upon the defendant, evidence which creates only a mere doubt, or a reasonable doubt, as to his sanity, is insufficient to justify his acquittal. The jury must be satisfied by fairly preponderating evidence."

7. In such a case it was not error for the trial judge to refer in his charge to his notes of testimony, where he distinctly told the jury that they were to be guided by their own recollection of it, and not by his references, if he erred in quoting it.

Argued Oct. 7, 1913. Appeal, No. 261, Jan. T., 1913, by defendant, from judgment of O. & T. Schuylkill Co., May T., 1913, No. 496, on verdict of guilty of murder of the first degree in case of Commonwealth v. John Sushinskie. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Indictment for murder. Before BECHTEL, P. J.

From the record it appeared that two of the jurors challenged by the Commonwealth for cause and excused

by the court, when examined on their voir dire, testi-
fied as follows:

"M. J. Gilmartin, sworn.

"Q. Have you any conscientious scruples against cap-
ital punishment?

"A. Not if the evidence warrants, providing it is not
circumstantial evidence; if it is, I will not convict a
man on that.

*    *    *    *    *    *    *    *    *

"Q. You are not prepared to say in this case whether
or not you would convict a man of first degree providing
the evidence warranted it?

"A. If the evidence is circumstantial evidence I would
not convict a man.

"Q. In this particular case if you were sworn as a
juror, can you positively state now that you would ren-
der a verdict of murder in the first degree if the evidence
would warrant it?

"A. Yes, sir, if the evidence warranted, if the evidence
was plain to my mind to do so, I would do so, and not
circumstantial. I want to make myself clear.

"By the Court:

"Q. Suppose some of the evidence in this case would
be circumstantial evidence, as to some of the essential
facts, and you were sworn as a juror in it, would you
render a verdict of murder in the first degree if you
were convinced beyond a reasonable doubt that the pris-
oner was guilty of it, notwithstanding the fact that some
of the evidence was circumstantial?

"A. If I was convinced, without any doubt in my
mind, I would do so, but if there was evidence clear to
my mind that he is guilty, I could and would do so.

"Q. Notwithstanding the fact that some of it might
be circumstantial?

"A. Some of it might be, no doubt about that. I want
to be clear in that respect, some of the evidence might,
but if there was evidence enough, plain to my mind, to
warrant conviction, I would convict him.

"Q. Do you mean by that that you would not pay any attention to circumstantial evidence?

"A. I will pay lots to the circumstantial evidence, but if there was evidence enough to convince me outside of that that the man was guilty, I would convict.

"Q. Suppose the case depended on circumstantial evidence?

"A. I would not convict a man of first degree if the case was depending on circumstantial evidence.

"Q. No matter how strong?

"A. The circumstantial evidence could not be strong enough for me to convict a man of murder in the first degree.

"Mr. Whitehouse: Challenged for cause.

"The Court: We sustain it.

"Defendant excepts. Bill sealed.

"James Mitchell, sworn.

"Examined by Mr. Reilly:

"Q. Have you heard or read about this case against John Sushinskie?

"A. Heard and read of it.

"Q. Both read and heard about it. From what you read and heard, have you formed any opinion as to his guilt or innocence?

"A. I did, yes.

"Q. Have you such an opinion now?

"A. Yes, I still got that opinion.

"Q. If you were sworn as a juror in this case and took an oath to render a verdict according to the evidence as you would hear it here in court, could you and would you render a verdict upon the evidence and that alone wholly uninfluenced by any opinion that you previously formed or now have?

"A. I could, yes, sir.

"By the Court:

"Q. What would you do with your opinion if you were sworn as a juror?

"A. I would have to cast it aside.

"Q. Could you cast it aside, and would you cast it aside before you heard any evidence, or would it take evidence to remove it?

"A. It would take evidence to remove it.

"Q. Then until you heard evidence in the case you would still be of the opinion you now have?

"A. Yes, sir.

"Q. Is it a strong, fixed opinion?

"A. Well, no, not just very strong.

"Q. Would it require much evidence to remove it?

"A. It would require strong evidence to remove it, good evidence to remove it.

"Q. You could not lay it aside until you heard evidence enough to remove it?

"A. No, I could not.

"Mr. Reilly: You answered differently a moment ago.

"(By request the stenographer read the last question put by Mr. Reilly to this witness and his answer thereto).

"By Mr. Reilly:

"Q. And would do so?

"A. And would.

＊　＊　＊　＊　＊　＊　＊　＊　＊

"By Mr. Whitehouse:

"Q. You say you have an opinion now as to his guilt or innocence?

"A. Yes, sir.

"Q. Would you take that opinion with you into the jury box and keep it until you heard evidence that would change it?

"A. Yes, sir.

"Q. You would take the opinion with you into the jury box and keep that opinion until you heard evidence to contradict it or offset it?

"A. Yes, sir.

"Mr. Whitehouse: Challenged for cause.

"The Court: We will let you go.

"Mr. Reilly: We ask an exception.

"The Court: Yes. He told me he could not pass on the case until he heard evidence to remove his opinion. I want to get jurors that will be absolutely fair to both sides.

"Defendant excepts. Bill sealed."

The remarks of the district attorney complained of by the defendants did not appear in the transcript of testimony and the only reference thereto was as follows:

"Mr. Whitehouse sums up for Commonwealth.

"During the course of Mr. Whitehouse's address to the jury, in speaking of another case in which a patient stabbed a nurse, he stated that the defendant was convicted of murder in the first degree, Mr. Reilly requested that the words be taken down and that he be granted an exception thereto."

The court charged the jury, inter alia, as follows: "With this burden of proof upon the defendant, evidence which creates only a mere doubt or a reasonable doubt as to his sanity is insufficient to justify his acquittal." (8)

The jury found a verdict of guilty of murder of the first degree upon which sentence of death was passed.

*Errors assigned,* among others, were in excusing jurors, M. J. Gilmartin and James Mitchell, in refusing to direct that the alleged improper remarks of the district attorney be placed on record, in refusing to withdraw a juror and continue the case after such remarks were made, in refusing to instruct the jury to disregard such remarks and the above instruction. (8)

*James B. Reilly,* with him *Z. F. Rynkiewicz,* for appellant, cited: Com. v. Crossmire, 156 Pa. 304; Com. v. Eagan, 190 Pa. 10; Com. v. Nye, 240 Pa. 359; Curley v. Com., 84 Pa. 151; Com. v. Windish, 176 Pa. 167; Com. v. Nicely, 130 Pa. 261; Com. v. Bubnis, 197 Pa. 542; Com. v. Molten, 230 Pa. 399; Goersen v. Com., 99 Pa. 388; Com. v. Silcox, 161 Pa. 484.

*C. A. Whitehouse,* District Attorney, with him *M. F. Duffy,* Assistant District Attorney, for appellee.—The court made no error in sustaining the challenges for cause: Allison v. Com., 99 Pa. 17; Ortwein v. Com., 76 Pa. 414; Clark v. Com., 123 Pa. 555; Com. v. Eagan, 190 Pa. 10; Com. v. Spahr, 211 Pa. 542; Com. v. Crossmire, 156 Pa. 304; Com. v. Roddy, 184 Pa. 274; Com. v. Ezell, 212 Pa. 293; Com. v. Windish, 176 Pa. 167; Com. v. Shields, 50 Pa. Superior Ct. 1.

The instructions as to the law upon the question of insanity were correct: Meyers v. Com., 83 Pa. 131; Pannell v. Com., 86 Pa. 260; Com. v. Gerade, 145 Pa. 289; Com. v. Molten, 230 Pa. 399; Com. v. Orr, 138 Pa. 276.

OPINION BY MR. JUSTICE BROWN, November 7, 1913:

Two of the jurors called in this case were challenged by the Commonwealth for cause. The first two complaints of the appellant are that the challenges were sustained. The first juror, when examined on his voir dire by counsel for the prisoner, stated that, though he had formed an opinion as to the guilt or innocence of the accused, he could and would render a verdict according to the evidence, if sworn as a juror in the case; but, in answer to a question by the court, before he was passed over to the Commonwealth, he said it would require strong evidence to change that opinion, and that he could not lay it aside until he had heard evidence enough to remove it. Upon his examination by counsel for the Commonwealth, he said he would take his formed opinion with him into the jury box, and would keep it until he heard evidence to contradict or offset it. He was thereupon challenged for cause, and excused. What his opinion was, does not appear; but it did clearly appear out of his own mouth that if he had been sworn as a juror, he would have taken his seat in the box with a formed opinion that he could not lay aside until he had heard "evidence enough to remove it." In the trial of cases, and especially capital cases, the great

concern of counsel as well as of courts, should always be to secure jurors free from feeling, prejudice or opinions formed as to the questions at issue; for only such jurors can be safely trusted to return verdicts based upon evidence alone. The challenge of a juror for cause is addressed to the trial judge, and much weight must be given to his judgment in passing upon it. In exercising his discretion as to the fitness of a juror to serve, he has the juror before him, and much latitude must be left to him; and the weight to be given to the answers of a juror when examined on his voir dire is not to be determined exclusively by his words as we read them in the printed record. They are first to be weighed by the trial judge who sees and hears the juror, and, in the exercise of a wide discretion, may conclude that he is not competent to enter the jury box for the purpose of rendering an impartial verdict, notwithstanding his words to the contrary: Ortwein v. Com., 76 Pa. 414; Clark v. Com., 123 Pa. 555; Com. v. Roddy, 184 Pa. 274; Com. v. Eagen, 190 Pa. 10; Com. v. Spahr, 211 Pa. 542; and nothing short of palpable error will justify a reversal of a trial judge in passing upon a challenge for cause: Com. v. Crossmire, 156 Pa. 304. No such error is disclosed by the first assignment, and it is therefore dismissed. The second juror was challenged by the Commonwealth because he stated that he would not convict of murder of the first degree on circumstantial evidence, adding "Circumstantial evidence could not be strong enough for me to convict a man of murder in the first degree." The second assignment is so utterly without merit that it is dismissed without comment.

By the third, fourth and fifth assignments the court is charged with error in not directing that alleged improper remarks of the district attorney be placed upon the record, in not directing a juror to be withdrawn after they were made, and in not instructing the jury to disregard them. It is sufficient to say that it does not appear from the record what the remarks were, nor that

any request was made for the withdrawal of a juror, and the said assignments are therefore dismissed.

No complaint is made of the inadequacy of the charge, nor of any error in it as to the defense of insanity, except that portion of it complained of by the eighth assignment. The court was therefore not required to affirm defendant's fourth and fifth points. The answers to them, in view of what was said in the general charge, were sufficient: Com. v. McManus, 143 Pa. 64; Com. v. Danz, 211 Pa. 507. As to the defense of insanity the jury were instructed that the burden of proving it was upon the defendant, and that evidence which created only a mere doubt or reasonable doubt as to sanity was insufficient to justify acquittal. This instruction is the subject of the eighth assignment. We are again called upon to say that such instruction was correct, though we ought not to be required to do so after what was distinctly said upon a review of well considered cases, in Com. v. Molten, 230 Pa. 399. In referring to the defense of insanity set up in that case, we said: "It is not, however, sufficient that the evidence had merely raised a doubt as to his insanity, for to doubt is to not believe, and nothing but belief that the prisoner was actually insane at the time of the commission of the offense charged against him could have justified the jury in acquitting him on that ground. Such a belief under the humane rule of our cases, is one that results from a fair preponderance of the evidence." The language of the trial judge complained of in the present case, was, "With this burden of proof upon the defendant, evidence which creates only a mere doubt, or a reasonable doubt, as to his sanity, is insufficient to justify his acquittal. The jury must be satisfied by fairly preponderating evidence." We need not now review the cases cited in the Molten case as sustaining this instruction. A brief reference to two or three of them will suffice. In Ortwein v. Com., supra, the chief question in the case arose under the fifth point of the prisoner, which was, "If the jury

have a reasonable doubt of the sanity of the prisoner at
the time of the killing, they cannot convict." This was
refused by the court below, and in holding that the re-
fusal of the point was correct it was said, "A reasonable
doubt of the fact of insanity cannot, therefore, be a true
basis of the finding of it as a fact and as a ground of
acquittal and of legal custody. To doubt one's sanity
is not necessarily to be convinced of his insanity.......
Merely doubtful evidence of insanity would fill the land
with acquitted criminals. The moment a great crime
would be committed, in the same instant, indeed often
before, would preparation begin to lay ground to doubt
the sanity of the perpetrator. The more enormous and
horrible the crime, the less credible, by reason of its
enormity, would be the evidence in support of it; and
proportionately weak would be the required proof of in-
sanity to acquit of it. Even now the humanity of the
criminal law opens many doors of escape to the criminal.
Then a wider door would be opened by the doubtful
proof of insanity made still more open by the timidity
of jurors, their loose opinions on the subject of punish-
ment, and their common error that the punishment is
the consequence of their finding of the truth of the facts,
instead of the consequence of the commission of the
crime itself. The danger to society from acquittals on
the ground of a doubtful insanity demands a strict rule.
It requires that the minds of the triers should be satis-
fied of the fact of insanity." This rule was reannounced
shortly afterwards in Meyers v. Com., 83 Pa. 131, where
it was said, through Mr. Chief Justice AGNEW: "A rea-
sonable doubt of the fact of insanity, on the other hand,
is not sufficient to acquit upon a defense of insanity.
This has been held in several cases: Ortwein v. Com.,
26 P. F. Smith 414; Lynch v. Com., 27 Id. 205; Brown
v. Com., 28 Id. 122. Sanity being the normal condition
of men, and insanity a defense set up to an act which
otherwise would be a crime, the burden rests upon the
prisoner of proving his abnormal condition. But the

evidence of this need be only satisfactory—and the conclusion such as fairly results from the evidence." Another case to which reference may be made is Com. v. Gerade, 145 Pa. 289. In the comparatively recent case of Com. v. Lee, 226 Pa. 283, we said, through our Brother STEWART: "A reasonable doubt of the fact of insanity will not operate to acquit when this defense is set up." The correct rule was followed by the court below in that portion of the charge complained of by the eighth assignment, and it is therefore dismissed.

In referring to his notes of testimony the trial judge distinctly told the jury that they were to be guided by their own recollection of it, and not by his reference to it, if he erred in quoting it. This leaves the ninth, tenth, eleventh and twelfth assignments without merit. Upon consideration of the whole record, no error is discoverable. It remains, therefore, only to say that the judgment is affirmed and that the record be remitted to the court below for the purpose of execution.

