## Commonwealth *v.* Tetrosky, Appellant.

Argued September 25, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Max Rosenn,* with him *E. F. McGovern,* for appellant.

*John H. Dando,* Assistant District Attorney, with him *Thomas M. Lewis,* District Attorney, and *Peter Kanjorski,* Assistant District Attorney, for appellee.

OPINION BY MR. JUSTICE LINN, November 27, 1933:

Appellant, Tetrosky, accomplice of Stabinsky (appellant in No. 312, in whose appeal an opinion was filed today), was also found guilty of murder of the first degree with the death penalty. Unlike Stabinsky, Tetrosky defended on the ground of insanity when the crime was committed, although he did not contend that he was insane when arraigned and tried. He did not deny participation in the crime. To the facts stated in Stabinsky's Case [the preceding case], we may add that Dr. Freeman, who examined Tetrosky, testified that appellant said that "the reason for the robbery was to get money in the easiest and quickest manner they could, because they wanted to go south and leave the country."

There is no basis for the complaint that the court erred in refusing to sustain a challenge of a juror for cause; the familiar rule was properly applied: Com. v. Sushinskie, 242 Pa. 406, and cases cited at 413, 89 A. 564; Com. v. Crow, 303 Pa. 91, 154 A. 283.

The remaining assignments relate to rulings on evidence concerning the defense of insanity; no objection is made to any instruction to the jury. The defense opened by calling a witness and proposing to prove that appellant's mother was confined in a hospital for mental diseases. This was objected to and the objection was sustained on the ground that the evidence was not at that time admissible. This was of course harmless, for a physician was called who produced the records of the hospital in which she was confined, and testified to her

condition from time to time; that she was insane; and that "it is quite possible" that the type of insanity with which she was suffering was hereditary.

Defendant then called a physician who testified concerning his examination of appellant, to the sources of information he considered, and to his opinion that the defendant was insane when the crime was committed; that he was "suffering from a constitutional psychopathic inferiority" which, he said, is a "form of insanity." Three lay witnesses were put on and offers were made to prove various facts relating to the conduct of appellant, first—two offers covering a period when he was from 6 to 9 years of age; and the last, the period from 10 to 11 years. He was 18 at the time of the murder. The court sustained objections to the offers of proof on the ground that they were not sufficient to constitute the basis of an opinion that defendant was insane within the rule applied in this State: Com. v. Cavalier, 284 Pa. 311, 318, 131 A. 229; Com. v. Winter, 289 Pa. 284, 294, 137 A. 261; see also Com. v. Marion, 232 Pa. 413, 81 A. 423. The rule applied in those cases justifies the action of the learned trial judge; the assignments are dismissed.

To rebut the medical evidence of alleged insanity, the Commonwealth called a physician. Counsel for appellant demanded an offer of proof which occupies over a page of the record and is the subject of the fifth assignment of error. Defendant's counsel objected to the offer on the ground that the proposed evidence was "incompetent, immaterial, irrelevant and not proper rebuttal." The court overruled the objection. The doctor testified at length, but no part of his evidence is complained of. It is not sufficient to object merely to an offer of proof save, perhaps, when it is sought to prove a single fact; it is necessary, if the objection to the offer is overruled and it is desired subsequently to review the ruling, to object to the questions asking evidence deemed irrelevant, precisely as though no offer had been made. As

this is a homicide case, we have, nevertheless, examined the evidence admitted, in the light of the objection to the offer, but find no ground for complaint. When two other doctors were called, also in rebuttal, offers of proof were asked for and general objections were made similar to that just described. The only objections made to the testimony of these two physicians elicited by questions assigned for error may be considered together; the following is typical: "Would an insane person likely plan, plot and commit a crime and plan and complete his escape as was done in this case with another?" The objection was that the evidence would be "incompetent." This objection was overruled and the answer of the physician was, "Probably not." As we understand the brief, appellant's objection, now pressed, is that the witnesses were permitted "to make inferences of findings of fact" for the purpose of answering these questions. There is no merit in the objection. There was no dispute of fact on the subject; the jury had before it the uncontradicted statements of appellant and Stabinsky describing what they did, how and why they did it and what they did thereafter.

Another complaint is that the Commonwealth's physicians based their opinion on the opinion of one of the physicians called by appellant; this also, is without merit. It is clear, as the learned trial judge said in his opinion refusing a new trial, "that the questions asked by the district attorney had reference to the testimony of Dr. Ginley in so far as it related to the questions asked the defendant [by Dr. Ginley] and the latter's replies thereto, and that the witness was not asked to give and did not give any consideration to the opinion expressed by Dr. Ginley, and that this was the understanding of defendant's counsel."

Judgment affirmed and record remitted for purpose of execution.