Commonwealth *v.* Henderson, Appellant.

Argued October 2, 1970.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James R. Beilstein,* with him *John P. McComb, Jr.,* and *Moorhead & Know,* for appellant.

*Robert F. Hawk,* Assistant District Attorney, with him *John H. Brydon,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 7, 1971:

On June 22, 1953, the appellant, Walter Henderson, while represented by counsel, entered a general plea of guilty to an indictment charging him with the murder of Alice Grace Storch in Butler County.  Russell Budd, who was also indicted for murder in connection with the Storch killing, pleaded "not guilty."[1]  Budd was immediately placed on trial before a jury, and Hender-

---

[1] It was the Commonwealth's contention that the victim's husband hired Henderson to kill his wife, and Budd assisted in the killing.  Mrs. Storch died from strangulation, but her body also suffered fifteen stab wounds.

son testified as a Commonwealth witness detailing how he and Budd committed the fatal assault upon the victim. Before so testifying, Henderson was not advised, either by the court or by his counsel who was present, of his constitutional right against self-incrimination.[2]

Subsequently, on June 26, 1953, a hearing was held before the trial court to determine Henderson's degree of guilt. By stipulation of counsel, the recorded testimony of Henderson and of thirteen other witnesses[3] at the Budd trial, plus a recorded statement given by Henderson to the police following his arrest, were introduced in evidence and made part of the record at the hearing. The court found Henderson guilty of murder in the first degree, and sentenced him to life imprisonment. An appeal from the judgment was not filed within the statutorily prescribed time.

On May 23, 1968, Henderson filed a petition seeking post-conviction relief. After an evidentiary hearing the petition was dismissed, but Henderson was permitted to file a direct appeal from the 1953 judgment of sentence as if timely filed. This appeal followed.

The assignments of error will be discussed ad seriatim.

It is first asserted that the plea was not voluntary or "made with understanding." Since the plea was entered prior to the announcement of our decision in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), even though the record of the plea proceedings fails to show any inquiry by the trial court to determine if the plea were voluntary, and intelligently entered, the burden is upon Henderson to

---

[2] Budd was found guilty of murder in the first degree, and punishment was fixed at life imprisonment.

[3] The testimony of these thirteen witnesses was given at a time during the Budd trial when Henderson was not present in the courtroom. However, Henderson's trial counsel was there as an observer.

show the contrary. *Commonwealth v. Knowles*, 440 Pa. 84, 269 A. 2d 739 (1970). The trial court at the PCHA hearing specifically found against Henderson on this issue, and even assuming that Henderson's own testimony would warrant the opposite conclusion, there is ample evidence in the record, particularly the testimony of Henderson's trial counsel, to justify the court's finding.

Next it is argued that the plea was unlawfully induced and, in support of this contention, Henderson testified at the PCHA hearing that his trial counsel urged him to plead guilty and implied that if such a plea were not entered, Henderson would probably be sentenced to death, and that his guilty plea was entered with the thought in mind that leniency would result. A plea of guilty which would not have been entered except for the defendant's desire to avoid a possible death sentence does not necessarily demonstrate that the plea was not the product of a free and rational choice. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970), and *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463 (1970). Moreover, one of Henderson's trial counsel testified at the PCHA hearing that on several occasions prior to trial he discussed with Henderson the nature of the charge pending against him, the evidence available in the case, and the advisability of pleading guilty or not guilty. After these discussions and with Henderson evidencing that he understood his choices and the possible consequences, Henderson decided to follow his counsel's advice and plead guilty. This, without more, demonstrates that the plea was not "unlawfully induced."

Next, it is maintained, that Henderson was denied "competent" trial counsel, and this is based solely on the premise that his trial counsel erred in advising Henderson to plead guilty. This is clearly without merit and requires no extended discussion.

As pointed out in *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441 (1970), the decision of counsel to advise his client to plead guilty or not guilty involves difficult judgments which cannot be answered with certitude and is not always expected to withstand retrospective examination in a post-conviction hearing. And, even if it later appears that counsel was mistaken in these judgments, this, in itself, does not establish that he was incompetent or ineffective. If considering all of the circumstances then existing, counsel's advice "was within the range of competence" reasonably demanded of an attorney in such a situation, the defendant is not denied competent or effective counsel. The record in the present case clearly establishes that counsel's advice to Henderson to plead guilty was not only justified under the circumstances, but the best possible advice that could be given, and may well have saved Henderson from paying for the crime with his life.

Next, it is argued, that since Henderson's testimony at the Budd trial was given without notice or awareness of his right against self-incrimination, the use of this testimony at his own degree of guilt hearing violated constitutional due process.[4] With this we agree. Before Henderson was permitted to testify at the Budd trial, he should have been fully advised and made aware of his constitutional right against self-incrimination. See *Grosso v. United States*, 390 U.S. 62, 88 S. Ct. 709 (1968), and *Schwinger Appeal*, 181 Pa. Superior Ct. 532, 124 A. 2d 133 (1956). And, under the circumstances, it was error to have permitted the evidentiary use of this evidence at his degree of guilt hearing. However, we conclude that the error was harmless.

---

[4] This, however, would not invalidate the guilty plea, but would require a vacating of the sentence and a new hearing to determine the degree of guilt. Cf. *Commonwealth v. Marsh*, 440 Pa. 590, 271 A. 2d 481 (1970).

As noted before, during the PCHA hearing a statement given by Henderson to the police after his arrest was admitted in evidence,[5] and this statement was substantially identical with Henderson's testimony during the Budd trial. Moreover, there was other evidence which substantiated the truth of this statement. We are, therefore, persuaded beyond a reasonable doubt that, even if the now challenged evidence were excluded at the hearing involved, the adjudication would have been the same. Cf. *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824 (1967); and *Commonwealth v. Gordon*, 431 Pa. 512, 246 A. 2d 325 (1968).

Finally, it is urged that evidentiary use against Henderson of the testimony of witnesses at the Budd trial (at a time when he was not present) violated his right to confront the witnesses against him. This issue was never raised in the court below and will not be considered when advanced for the first time on appeal. Cf. *Commonwealth v. James*, supra, at 209, and *Commonwealth v. Payton*, 431 Pa. 105, 244 A. 2d 644 (1968).

Judgment affirmed.

Mr. Justice COHEN took no part in the decision of this case.

---

[5] In his brief, counsel for Henderson argues that the statement was coerced and, therefore, constitutionally inadmissible as evidence. However, evidentiary use of the statement was without objection. Moreover, no evidence to support the coercion contention appears in the record. Finally, this question was never raised in the trial court. Under such circumstances, the present attack on the statement is precluded. Cf. *Commonwealth v. James*, 440 Pa. 205, 269 A. 2d 898 (1970); and *Commonwealth v. Nash*, 436 Pa. 519, 261 A. 2d 314 (1970).