**UNITED STATES of America ex rel. Walter HENDERSON, Appellant,**

v.

**Joseph R. BRIERLEY, Supt., State Correctional Institution, Pittsburgh, Pa.**

**No. 71–1991.**

United States Court of Appeals, Third Circuit.

Submitted Oct. 2, 1972.

Decided Nov. 6, 1972.

Walter Henderson, pro se.

John H. Brydon, Dist. Atty., Butler, Pa., for appellee.

Before SEITZ, Chief Judge, and HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Appellant, a state prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus.

In 1953, appellant pled guilty to murder before the Pennsylvania Court of Common Pleas. After the entry of his plea, but prior to sentencing, he testified at the trial of two codefendants about matters relevant to his own conviction. This testimony was then introduced against him at his "degree of guilt" hearing, after which he was sentenced to life imprisonment.

In 1968, appellant filed a petition under the state's Post Conviction Hearing Act attacking his sentence on several grounds; his court appointed counsel added additional ones. The Court of Common Pleas held a hearing at which appellant and his original trial attorneys testified, after which it dismissed the petition. The Supreme Court of Pennsylvania affirmed. Commonwealth v. Henderson, 441 Pa. 255, 272 A.2d 182 (1971). Appellant then filed the instant petition in the district court. In turn, the court referred it to a magistrate for a report on the merits and a recommendation as to the need for an evidentiary hearing.

The Magistrate filed a report, finding the petition without merit; this report was a comprehensive, well-reasoned analysis of appellant's petition reflecting exhaustive research into both the trial record and applicable law. Thereafter, the court entered its order, stating:

> Upon review of the petition and the report and recommendation of the Magistrate . . ., the court finds that the allegations contained in the petition are of no merit.

> . . . [F]or the reasons set forth in the report of the Magistrate, the petition . . . is denied.

Appellant filed a petition for rehearing with the district court, alleging that it did not have the authority to refer a petition for a writ of habeas corpus to a magistrate for a report and recommendation. Alternatively, he alleged that if the power to refer were granted by statute, the statute was unconstitutional. Rehearing was denied, but the district court granted a certificate of probable cause to this court. Obviously, prompt review of the administrative issues posed by the appellant is important to the administration of justice in the district courts.

## I. THE CONSTITUTIONALITY OF THE STATUTE.

Under 28 U.S.C. § 636(b)(3) [1971], the district court can assign magistrates the duty of "preliminary review of applications for posttrial relief . . . and submission of a report and recommendations to facilitate the decision of the district judge . . . as to whether there should be a hearing." Thus, Congress clearly intended to give the district court the power it exercised in assigning defendant's petition to the Magistrate. Therefore, the critical issue before this court is appellant's challenge to the constitutionality of § 636(b)(3), pursuant to which the district court acted.

■ Section 636(b)(3) permits the district court to refer a petition for a writ of habeas corpus to a magistrate

for a report on its merits and a recommendation as to whether an evidentiary hearing should be held. When he returns his report, including his findings and recommendations, the district judge is free, after review, to accept, reject, or modify any of the magistrate's findings or recommendations. Consequently, the power given to and exercised by the magistrate neither usurps the power of the district court in making the ultimate determination as to whether an evidentiary hearing should be held nor unconstitutionally delegates judicial power to a non-Article III officer.

The language of the order here reviewed makes clear the district court discharged its independent obligations after due consideration of the law and the record. Thus, no issue of unconstitutional delegation or usurpation appears in this record.[1] Nor, contrary to appellant's contention, is a magistrate automatically "not qualified to write up a report on a writ of Habeas Corpus."

## II. APPELLANT'S BURDEN UNDER 28 U.S.C. § 2254(d).

Appellant next contends the district court was clearly erroneous in its conclusion that his petition lacked merit since the petition alleged both a substantiated violation of his right against self-incrimination and deficiencies in the state post-conviction hearing. Appellant reasons: (1) when certain prerequisites are met, delineated by 28 U.S.C. § 2254 (d) [1971], the district court is required to hold an evidentiary hearing; (2) his allegations fulfilled these prerequisites; (3) therefore, the district court should have set a hearing on his petition.

The first element of appellant's claim arises from the introduction of his testimony at the trial of two codefendants into his "degree of guilt" hearing. Since he was not advised of his right against self-incrimination before testifying, he contends the subsequent introduction of

that testimony at his hearing violated his constitutional right. The Supreme Court of Pennsylvania, in ruling on this point in appellant's post-conviction petition, found that while his right was violated, the error was harmless. Commonwealth v. Henderson, 441 Pa. at 259, 272 A.2d at 185. Appellant contends review of this conclusion in an evidentiary hearing is mandated under § 2254(d)(8). Therefore, he claims, the district court erred in dismissing his petition without a hearing.

■ Because appellant has received a full state hearing on the merits of the claims which he now presents in federal court, § 2254(d) requires him to establish substantial constitutional deficiencies in the state hearing on his petition to be entitled to a hearing in the district court. Merely because the state court has perceived constitutional error but found it to be harmless does not mandate an evidentiary hearing in the district court to review the validity of the state court's conclusions. Rather, applicable law and the state proceedings must be examined before the necessity of a hearing can be established. Here, the district court reviewed the record and the law and found no hearing required. We agree with its conclusion.

■ The second element of appellant's claim under § 2254(d) concerns his allegation of deficiencies in the state court's post-conviction proceedings. His petition merely adopts the language of § 2254(d)(1)-(7) without specifying what facts constituted these deficiencies. This is insufficient to meet the statutory burden under the section.

## III. THE NECESSITY OF SPECIFIC FINDINGS IN THE DISTRICT COURT'S ORDER.

■ Appellant contends that the district court erred in failing to make specific findings of fact on his petition, particularly on his constitutional claim.

1. No question arises as to whether a magistrate may be granted the power under § 636(b) to hold an evidentiary hearing on a habeas petition since none in fact was held here.

In effect, he claims that there is no way of determining whether the district court in fact considered this contention because of the absence of specific findings of fact.

As previously mentioned, the Supreme Court of Pennsylvania found that while appellant's constitutional right against self-incrimination was violated by the introduction of his testimony into his "degree of guilt" hearing, the error was harmless in view of the overall record. After reviewing the Magistrate's report and the record, the district court concluded that "the allegations in the petition [were] . . . of no merit." From this recital, the inference necessarily lies that the district court considered the issue and agreed with the Supreme Court of Pennsylvania.

The judgment of the district court will be affirmed.