381 A.2d 494

**COMMONWEALTH of Pennsylvania**

**v.**

**Ruby PEREA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 16, 1977.

Decided Dec. 28, 1977.

Nelson M. Galloway, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

On September 11, 1975, Ruby Perea, appellant, was convicted by a jury of three counts of selling heroin in violation of the Drug, Device and Cosmetic Act.[1] Following her conviction timely post verdict motions were filed wherein appellant alleged that the verdict was contrary to the evidence, contrary to the weight of the evidence, contrary to the law and more specifically the court refused defense counsel the right to ask certain voir dire questions. Oral arguments were held on the post-verdict motion on November 6, 1975, after which the motion was denied. On December 18, 1975, appellant was sentenced to pay the costs of prosecution and undergo imprisonment in the state correctional facility at Muncy, Pennsylvania, for a term of not less than two years nor more than ten years on indictment 942. On the other two counts, appellant was sentenced to pay the costs of prosecution. From the judgments of sentence, appeal was taken to this Court.

On appeal appellant is represented by counsel different than the one who represented her during the trial and in the post-verdict motions. The issues raised on appeal are:

1. The prosecutions were illegally initiated.
2. Agents of the Pennsylvania Bureau of Drug Control may only initiate felony prosecutions by arrest on view, on the part of the proper agent.
3. It is proper to inquire as to the qualifications of veniremen.

1. Act of 1972, April 14, P.L. 233, No. 64, 35 P.S. § 780–113(a).

4. Judge Wickersham's conduct of the trial violated the basic fairness of due process.

However, our review must be limited to consideration of the issue concerning the inquiry during the voir dire of the jury. The reason our review is confined to the one issue is because the other issues were not raised in the trial below or in post-verdict motions. The appellate courts of Pennsylvania have consistently held that issues not raised in the court below are waived and cannot be raised for the first time on appeal. *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972); *Commonwealth v. Henderson*, 441 Pa. 255, 272 A.2d 182 (1971); *Commonwealth v. James*, 440 Pa. 205, 269 A.2d 898 (1970).

█ █ Appellant argues in the issue properly before us that the lower court erred when it refused to allow defense counsel to ask certain questions of the prospective jurors. The following colloquy took place between the court and counsel:

MR. DILS: May it please the court, I would request to ask the jurors individually if they would listen to the evidence and give it their independent judgment?

THE COURT: No. That is in the nature of jury instruction. I will instruct them they are to do this later.

MR. DILS: I would also ask them individually if after they heard all the evidence, and if they had a reasonable doubt, as defined by the court, that they could vote not guilty.

THE COURT: Again, that is asking them to take now in effect a position on what they think of the case after they hear it. Again, that is in the nature of a jury instruction and it would confuse a prospective juror at this stage of the case because they have not had any definition of reasonable doubt or anything else. They have already said they will decide the case according to the facts and the law and that is as far as I will permit it. You have an exception.

There is no question that the examination of a juror under voir dire is solely for the purpose of securing a competent,

fair, impartial and unprejudiced jury. See *Commonwealth v. Thompson,* 328 Pa. 27, 195 A. 115 (1937); *Commonwealth v. Henderson,* 242 Pa. 372, 89 A. 567 (1913). "While considerable latitude should be permitted on a voir dire, the inquiry should be strictly confined to disclosing qualifications or lack of qualifications of a juror and whether a juror has formed a fixed opinion or may be otherwise subject to disqualification for cause". *Commonwealth v. McGrew,* 375 Pa. 518, 525, 100 A.2d 467, 470 (1953).

The lower court in refusing to allow defense counsel to ask the questions of the jurors gave as its reason that these questions were in the nature of instructions and therefore it was the court's responsibility to present these matters to the jury. An examination of the court's opening address and closing instructions indicates that the court properly fulfilled its responsibilities. In the opening address the court stated:

> You are the sole judges of the facts. You listen to the witnesses, decide what happened or what did not happen and apply the facts as you find them to the law and that is your result in the case . . . That is another important function of the jury to weigh the evidence, determine what is truthful and what is accurate and by all means in judging the credibility and weight of the evidence you use your understanding of human nature and your good common sense . . . You should avoid forming any opinions about the guilt or innocence of the defendant until you hear the whole case, until you are ready to begin your deliberations and exchange views with each other.

In the court's closing instructions, the judge emphasized the proper manner in which to consider the guilt or innocence of the appellant.

> I told you at the outset of the case and certainly will go over it again that a fundamental principle of our system of justice is that the defendant is presumed to be innocent. The fact that a defendant is arrested, indicted and brought to trial is not evidence against him or her and that presumption continues throughout the trial and unless and until you are convinced based on a careful and

impartial consideration of the evidence that the Commonwealth has proven the defendant guilty beyond a reasonable doubt. It is not a defendant's burden to prove that she is not guilty . . . It is the Commonwealth that always has the burden of proving each and every element of the crime charged and that the defendant is guilty of that crime beyond a reasonable doubt . . . A reasonable doubt must be one that arises fairly out of the evidence. It can't be an imagined doubt. It can't be a doubt conjured up to avoid carrying out an unpleasant duty. To summarize, you can't find the defendant guilty based on mere suspicion of guilt. The Commonwealth has the burden of proving the defendant guilty beyond a reasonable doubt.

 It is obvious that the court gave correct and thorough instruction to the jurors and through such instructions covered the areas sought to be raised by defense counsel in his questions. It is well settled that the scope of a voir dire examination rests in the sound discretion of the trial judge and his decisions should not be reversed except in the case of palpable error. *Commonwealth v. McGrew*, 375 Pa. 518, 526, 100 A.2d 467 (1953); *Commonwealth v. Bibalo*, 375 Pa. 257, 100 A.2d 45 (1953); *Commonwealth v. Sushinskie*, 242 Pa. 406, 89 A. 564 (1913). We find no error in the trial court's refusing to allow defense counsel to ask questions in the voir dire examination which questions covered subject matter falling within the province of the court to address in its instructions to the jury.

Judgment of sentence affirmed.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I cannot join the majority's opinion because it approves the trial judge's charge on reasonable doubt.

Although most of the charge was, as the majority says, "correct and thorough", it was incorrect to charge: "To summarize, you can't find the defendant guilty based on

mere suspicion of guilt." True, mere suspicion will not support a finding of guilt. That proposition, however, does not "summarize" but rather misstates the jury's duty. To "summarize" the duty by saying, "You can't find the defendant guilty based on mere suspicion of guilt," necessarily implies, "You *can* find him guilty based on *something more* [How much more?] than mere suspicion of guilt."

I nevertheless concur in the result reached by the majority. The incorrectness of the charge is not before us, so the majority's approval of the charge is mere *dictum*. On the point that is properly before us—the trial judge's refusal to permit the requested voir dire—I agree with the majority.