Commonwealth *v.* Agie, Appellant.

188

Argued September 26, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*J. Graham Sale, Jr.,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, November 17, 1972:

The appellant, Ferdinand Agie, was convicted of first-degree murder by a jury and sentenced to life imprisonment. Post-trial motions were filed and denied after a hearing. This counselled direct appeal followed; we affirm the judgment of sentence.

Although three issues are presented by the appellant for determination, only one of them is properly before the Court. In support of a request for new trial, the appellant asserts (1) that a prejudicial and inflammatory photograph was placed in evidence at trial; and (2) that he was prejudiced by a delay between arrest and arraignment. The appellant, who was represented by counsel throughout all the proceedings below, did not raise either of these issues at trial or in his post-trial motions. We have consistently held that issues not raised in the court below are waived and cannot be raised for the first time on appeal to this Court. *Commonwealth v. Henderson*, 441 Pa. 255, 260, 272 A. 2d 182, 185 (1971); *Commonwealth v. James*, 440 Pa. 205, 209, 269 A. 2d 898, 900 (1970); *Commonwealth v. Nash*, 436 Pa. 519, 521, 261 A. 2d 314, 315 (1970); *Commonwealth v. Payton*, 431 Pa. 105, 107, 244 A. 2d 644, 645 (1968).

The only issue raised in the court below and properly before us on appeal is the appellant's contention that there was insufficient evidence from which the jury could find that the appellant possessed the intent required to support a conviction of first-degree murder. This position is devoid of merit. "In determining the sufficiency of the evidence, be it direct or circumstantial, the test is whether, accepting as true all of the evidence and all reasonable inferences arising therefrom, upon which, if believed, the jury could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the

crime or crimes of which he has been convicted." *Commonwealth v. Whitaker,* 440 Pa. 143, 144-45, 269 A. 2d 886, 887 (1970). The specific intent to kill necessary to support a conviction of first-degree murder may be found from a defendant's words or conduct and may be inferred from the intentional use of a deadly weapon on a vital part of the body of another human being. *Commonwealth v. Hornberger,* 441 Pa. 57, 61, 270 A. 2d 195, 197 (1970). From the evidence presented at trial the jury was justified in finding that the defendant was guilty of a deliberate and intentional killing.

The appellant and the victim, Rosalie Brown, although not married, had been living together for eight years. A few weeks prior to the shooting the victim had separated herself from the appellant. At trial the victim's sister testified that on March 1, eight days prior to the shooting, the appellant told her he was looking for Mrs. Brown and that he would shoot her the next time he saw her. Although the appellant contends this was just an idle threat by one given to exaggeration, it was sufficiently believable that when the victim learned of the threat from her sister, she appeared before an Alderman and signed a criminal complaint against the appellant for threatening her with bodily harm. Moreover, on the morning of the shooting, after learning of the complaint lodged against him, the appellant told a friend that when the victim returned to his apartment later that day to pick up her clothes he intended to shoot her. Shortly thereafter the victim did come for her clothes and was shot in the head by the appellant from a distance of twelve inches or less. Immediately after the incident the appellant admitted he had shot the victim. He made the same admission at trial, where he claimed the shooting was accidental.

In addition to the repeated threats of the appellant that he would kill the victim—one of which was made just hours before the actual killing—there was evi-

dence presented at trial by a ballistics expert and the Medical Examiner which supported the Commonwealth's theory of a deliberate shooting. The resolution of conflicts in testimony and the determination of the credibility of witnesses is the sole province of the jury. Obviously, they did not believe the appellant's version of the incident. There was ample evidence to support the verdict of guilty of murder in the first degree.

Judgment of sentence affirmed.