Commonwealth *v.* Watlington, Appellant.

Submitted May 21, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Richard D. Walker,* Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1973:

In the early morning of May 14, 1972, Herbert Riehl, while sitting in his car in Harrisburg, was shot and killed during the course of an apparent robbery attempt. Appellant, Tollie Watlington, and Thomas Epps were arrested and charged with murder. Appellant and co-defendant Epps were tried jointly before a jury and adjudged guilty of first degree murder. Both were sentenced to life imprisonment.

On this direct appeal, appellant challenges the trial court's failure to give a cautionary instruction regarding the testimony of co-defendant Epps. Appellant argues that the jury should have been instructed to view this testimony, coming from a "corrupt source," with extreme scrutiny. Cf. *Commonwealth v. Sisak*, 436 Pa. 262, 265, 259 A. 2d 428, 430 (1969).

However, since *no* objection was made below to the trial court's charge,* that issue is not now properly before this Court. Pa. R. Crim. P. 1119(b) provides: "No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." As we stated in *Commonwealth v. Jennings*, 442 Pa. 18, 24, 274 A. 2d 767, 770 (1971), ". . . appellant's failure to take . . . specific exception to . . . the charge, as required by Pa. R. Crim. P. 1119(b), forecloses our consideration of this issue on appeal." See also *Commonwealth v. Sullivan*, 450 Pa. 273, 275-76, 299 A. 2d 608, 609-10 (1973).

Since issues not raised at trial or in post-trial motions may not be raised for the first time on appeal, *Commonwealth v. Agie*, 449 Pa. 187, 296 A. 2d 741 (1972), appellant's claim must be decided adversely to him.

Judgment of sentence affirmed.

Mr. Justice EAGEN concurs in the result.

––––––––––

CONCURRING OPINION BY MR. JUSTICE O'BRIEN:

I concur in the result for the reason that I believe there was no basic and fundamental error requiring the

––––––––––

* The record indicates that at the end of the court's charge, the court inquired of defense counsel: "THE COURT: . . . Mr. Goldberg, on behalf of the defendant Watlington do you have any exception to put on the record at this time? MR. GOLDBERG: No, Your Honor. THE COURT: Either to the Charge on the law or on the facts. MR. GOLDBERG: No."

grant of a new trial. See *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968) and my concurring opinion in *Commonwealth v. Sullivan,* 450 Pa. 273, 281, 299 A. 2d 608-613 (1973).