Commonwealth *v.* Davis, Appellant.

Argued January 15, 1974. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Robert M. Pressman,* with him *Pressman and Lipsky,* for appellant.

*Mark Sendrow,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, March 25, 1974:

We agree that the judgment of sentence should be affirmed, because in our view none of appellant's assignments of error justifies granting a new trial.

Of the four presently-claimed grounds for reversal, no objections were made in the trial court to three. It is well settled that issues not raised at trial will not be considered for the first time on appeal. *Commonwealth v. Yount,* 455 Pa. 303, 318, 314 A.2d 242, 250 (1974); *Commonwealth v. Watlington,* 452 Pa. 524, 306 A.2d

892 (1973); *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972); Pa. R. Crim. P. 1119(b).

Appellant's fourth claim is that the trial court abused its discretion by allowing a forensic pathologist, a Commonwealth witness, to testify about the distance from which the weapon used to kill the victim was fired. However, the pathologist's testimony was completely consistent with appellant's version of the events surrounding the killing. If error were committed, it was error harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824 (1967); *Commonwealth v. Davis,* 452 Pa. 171, 305 A.2d 715 (1973); *Commonwealth v. Padgett,* 428 Pa. 229, 237 A.2d 209 (1968); *Commonwealth v. Pearson,* 427 Pa. 45, 233 A.2d 552 (1967).

Judgment of sentence affirmed.