354 A.2d 538
**COMMONWEALTH of Pennsylvania**
**v.**
**Curtis DANIELS, aka Curtis Campbell, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 5, 1975.

Decided April 7, 1976.

William H. Saye, Harrisburg, for appellant.

Marion E. MacIntyre, Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

This appeal results from a shooting incident that occurred at a bar in the city of Harrisburg on September 14, 1973, in which one man was killed and another

wounded. Appellant Curtis Daniels, also known as Curtis Campbell, was found guilty of murder in the second degree for killing one Alan Jackson, Jr., and was found guilty of aggravated assault for the wounding of one R. L. Scott. Post-verdict motions were denied. Appellant was sentenced to serve not less than six nor more than twelve years on the murder conviction, and received a concurrent sentence of not less than one nor more than two years on the aggravated assault conviction. This appeal followed.

The first two issues raised by appellant have not been properly preserved for appellate review and are therefore deemed waived. Appellant argues that the evidence was insufficient to support a conviction of murder in the second degree. This issue was not raised in post-verdict motions, and is being raised for the first time in this appeal. Appellant also argues that the trial court erred in charging the jury on the issue of self-defense. That portion of the charge to which the appellant now objects was requested by the appellant, and no objection was made after it was given. It is now well settled that issues not raised at trial or in post-verdict motions will not be considered for the first time on appeal. *Commonwealth v. Davis*, 455 Pa. 466, 317 A.2d 218 (1974); *Commonwealth v. Watlington*, 452 Pa. 524, 306 A.2d 892 (1973); *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972).

Lastly, appellant argues that the evidence was insufficient to sustain the conviction of aggravated assault. This charge stemmed from the wounding of one R. L. Scott, who was a patron at the bar and who was standing behind the murder victim at the time of the shooting incident. Appellant contends that the evidence is insufficient to prove that he fired the shot which struck Scott. According to appellant, the shot could have been fired by the murder victim. Although there

was testimony that the murder victim also had a gun, there was ample evidence from which the jury could infer that Scott was struck, either directly or by ricochet, by a bullet fired from appellant's gun. Prosecution witnesses testified that Scott was in a direct line of fire from appellant, and that the murder victim had his back to Scott and was facing the appellant at the time of the shooting. The prosecution also showed that appellant's gun, a .22 caliber pistol, had been fired six times. Four .22 caliber bullets were removed from the body of the decedent, and a fifth .22 caliber slug was found on the barroom floor. The sixth slug was not found, but Scott testified that the bullet with which he was struck remains in his body, his doctor having recommended that it not be removed. Under these circumstances, the evidence was sufficient to establish that appellant fired the shot which struck Scott.

While there is no evidence that appellant intended to hit Scott, such evidence was not necessary. The Crimes Codes, 18 C.P.S.A. § 2702 states that a person is guilty of aggravated assault if he:

"attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."

The jury could properly find from the evidence here that the firing of a number of shots in a barroom full of people constituted reckless conduct which manifested extreme indifference to the value of human life, and that the appellant's actions caused serious bodily injury to another.

Judgments of sentence affirmed.

ROBERTS, J., filed a concurring opinion in which NIX, J., joined.

ROBERTS, Justice (concurring).

I concur in the Court's result because the appeal was not timely filed.

NIX, J., joins in this concurring opinion.