381 A.2d 438

COMMONWEALTH of Pennsylvania

v.

Oscar JACKSON, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 15, 1976.

Decided Dec. 23, 1977.

Cecil B. Moore, Hugh C. Clark, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Oscar Jackson was convicted by a jury of murder of the first degree, aggravated robbery and conspiracy, all charges stemming from the killing of Edward Perry. He has appealed only the murder conviction.[1] We reverse the

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202, 17 P.S. § 211.202 (Supp.1977). This Court has an obligation to determine whether the evidence is sufficient to support a verdict of murder of the first degree. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187

murder conviction because the Commonwealth improperly impeached appellant's chief witness by prior arrests which had not resulted in convictions. See, e.g., *Commonwealth v. Taylor*, 475 Pa. 564, 381 A.2d 418 (1977), and *Commonwealth v. Ross*, 434 Pa. 167, 170, 252 A.2d 661, 662 (1969).

The principal evidence against appellant was the testimony of Arthur Hopkins. That witness related in great detail how he and decedent were accosted by appellant and three other men and taken to a house where decedent was shot and killed.

Louis Sparks testified for appellant that Hopkins had a poor reputation for veracity in the community. The Commonwealth was then allowed in the presence of the jury to dispute the competency of Sparks to testify to Hopkins' reputation. Sparks admitted that he had been convicted of assault and battery on a police officer and of being accessory after the fact to a murder. Over defense objection, Sparks also was questioned about and admitted several prior arrests which did not result in convictions. Sparks testified that he had been acquitted on one of the charges. Because he had previously testified that he had been convicted only twice in his life, the jury could deduce that none of the other arrests had resulted in a conviction. The questioning concerning these arrests was confused and the trial record does not disclose clearly how many arrests there were nor what charges were involved, though the jury was informed that one arrest was for assault and battery and another, which the witness said resulted in acquittal, was for bank robbery.

■ The veracity of a witness may not be impeached by prior arrests which have not led to convictions. *Commonwealth v. Taylor*, supra, 475 Pa. 564, 381 A.2d 418; *Commonwealth v. Reese*, 475 Pa. 120, 379 A.2d 1312 (1977); *Commonwealth v. Katchmer*, 453 Pa. 461, 464, 309 A.2d 591, 593 (1973); *Commonwealth v. Ross*, 434 Pa. 167, 170, 252 A.2d 661, 662 (1969); *Stout v. Rassel*, 2 Yeates 334 (Pa.1798); 3A J. Wigmore, Evidence § 980a (Chadbourn Rev. 1970). The

(1964). An examination of the record reveals that the evidence is sufficient to support the verdict.

Commonwealth suggests that this rule is inapposite because this cross-examination was directed to showing that Sparks could not have lived in Hopkins' community during the relevant time, because Sparks was then in jail. The trial transcript indicates, however, that for all but one of the arrests the prosecutor had reason to know that the witness had posted bond and had not been held in jail. Further, the prosecutor could have used less prejudicial means of showing whether the witness had been in the community during the relevant period than asking about arrests.[2] Thus the cross-examination concerning prior arrests was not permissible on this basis.

The Commonwealth asserts that even if the cross-examination of Sparks was error such error was harmless. To succeed, the Commonwealth must prove the error harmless beyond a reasonable doubt. *Commonwealth v. Martinolich,* 456 Pa. 136, 160 n.15, 318 A.2d 680, 693 n.15, cert. denied, 419 U.S. 1065, 95 S.Ct. 651, 42 L.Ed.2d 661 (1974); *Commonwealth v. Davis,* 455 Pa. 466, 467, 317 A.2d 218 (1974) (per curiam). The Commonwealth has not met this burden of proof.

The testimony of Sparks attacked the credibility of the chief Commonwealth witness, Arthur Hopkins. If the jury believed Sparks, it would have discounted the testimony of Hopkins, the heart of the Commonwealth's case. Where direct evidence is not available to corroborate or discredit the testimony of the sole eyewitness, the truthfulness of that witness may become the central issue before the jury. Improper impeachment of this defense witness, who gave relevant testimony concerning the credibility of the prosecution's chief witness unfairly crippled appellant's defense, and thus any argument that the error was harmless because of an absence of prejudice is meritless.

The Commonwealth contends that the questioning was harmless because the prior arrests were cumulative of

2. The Commonwealth could have asked directly whether Sparks was in the community at the relevant time. Indeed, it did so, but only after introducing the arrests.

the prior convictions and posed no threat of prejudice to appellant's case. We cannot accept this argument. Sparks' impeachment by two prior convictions did not make him incredible as a matter of law. A rational juror could easily conclude that these convictions did not compel the conclusion that Sparks was a liar or was generally untrustworthy, especially in view of his testimony that since his convictions he has been working as a counselor for a community program which, among other things, helps rehabilitate convicts re-entering the community. But a rational juror might conclude that Sparks was a liar or generally untrustworthy on the basis of two convictions coupled with a string of arrests, particularly if the arrests occurred after his supposed rehabilitation. The evidence of the arrests poses the threat of prejudice to the defense on a vital part of its case, a threat which is not posed by the convictions alone. Thus the introduction of arrests cannot be said to be harmless because they merely cumulate with the impeachment by two convictions.

The Commonwealth also contends that the impeachment was harmless because in any case Sparks was incompetent to testify to the reputation of Hopkins; thus any impairment of Sparks' credibility did not damage any defense that appellant was entitled to raise. The Commonwealth has cited no authority for the proposition that Sparks should not have been allowed to testify, and points to no evidence showing him to be incompetent. In these circumstances we must conclude that the trial judge properly exercised his discretion in allowing Sparks to testify as a reputation witness.

Judgment of sentence for murder of the first degree reversed and case remanded for a new trial.

JONES, former C. J., did not participate in the decision of this case.

POMEROY, J., filed a dissenting opinion in which NIX, J., joins.

POMEROY, Justice, dissenting.

In the instant case, appellant called a witness, Louis Sparks, in an effort to impeach the credibility of the Commonwealth's principal witness, Arthur Hopkins. In rebuttal, the Commonwealth established that Sparks had been convicted of assault and battery of a police officer and being an accessory after the fact of a murder. The propriety of such impeachment evidence is not and could not be challenged. Additionally, however, the district attorney improperly asked several questions concerning prior arrests of Sparks which did not result in convictions. This error by the prosecutor, concludes the majority, requires the grant of a new trial. I dissent.

I agree that prior arrests which have not resulted in convictions may not properly be used to impeach a witness. And I agree that it was highly improper for the prosecuting attorney to disregard a rule so well established and that such conduct on the part of prosecutors is not to be condoned. Because, however, the jury was properly acquainted with the prior convictions of Sparks and because the jury was informed that the other arrests did not result in convictions, I am satisfied that in this particular case, the error was harmless and need not require the grant of a new trial.*

NIX, J., joins in this dissenting opinion.

* In a particular case, of course, improper impeachment of a witness could amount to reversible error. But where, as here, the witness is testifying only to the credibility of other testimony, and the prior record of the witness is already in evidence, any prejudice which might result is too attenuated to require reversal.