485 A.2d 1197

COMMONWEALTH of Pennsylvania,

v.

**Michael John FULLER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 1, 1984.

Filed Dec. 14, 1984.

George Retos, Jr., Washington, for appellant.

George B. Stegenga, Washington, for Commonwealth, appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

On January 16, 1982, appellant Michael John Fuller, a Waynesburg police officer, shot and killed Celia JoAnn McGilton while responding to a complaint of "a crazy man ... running around with a deer rifle." Subsequently, he was convicted of involuntary manslaughter following a jury trial before the Honorable Glenn Toothman. Post-trial motions were denied, appellant was sentenced and this direct appeal was filed. Three issues are raised herein:

1. Whether the entire jury panel should have been excused prior to trial.

2. Whether defense counsel should have been permitted to cross-examine a Commonwealth witness regarding

prior incidents of violence to impeach the witness's credibility.

3. Whether the court should have permitted appellant to present evidence to show that the jury considered or received knowledge of a prior police brutality case in which appellant was involved.

We reject appellant's first two contentions; however, for the reasons that follow, we remand for an evidentiary hearing on the third issue.

▮▮▮ Appellant's first argument, that the entire jury panel should have been excused, is based on the following exchange between the court and a prospective juror:

BY THE COURT: Do any of you have any knowledge of any previous case involving any of the parties in this case, that case occurring in this courtroom in this county?

DAVID HUNTLEY [Prospective juror]: I know that Fuller was just on trial here.

(Tr. 13)

No objection or motion to excuse the jury panel appears in the record.[1] Appellant has therefore not preserved this claim for appellate review since it was not properly raised in the court below. *Commonwealth v. Reid*, 475 Pa. 54, 379 A.2d 572 (1977); *Commonwealth v. Presbury*, 475 Pa. 48, 379 A.2d 569 (1977); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

▮▮▮ Appellant has not preserved his second issue for review either. After a side bar on whether counsel would be permitted to question the witness about prior violent incidents, appellant's counsel conferred with appellant and withdrew the question. Further, it is without merit because a witness's credibility may not be impeached by prior acts of misconduct which have not lead to convictions, *Commonwealth v. Jackson*, 475 Pa. 604, 381 A.2d 438 (1977), and

---

1. Appellant argues that counsel made such a motion at side bar which was not recorded and that the court refused. We cannot, however, consider what is not in the record. *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974); *Commonwealth v. Rini*, 285 Pa.Super. 475, 427 A.2d 1385 (1981).

then only if the convictions involve crimes of dishonesty or false statements. *Commonwealth v. Yost,* 478 Pa. 327, 386 A.2d 956 (1978).

Appellant's final argument is not totally without merit. Appellant alleged, and offered to prove through testimony of a juror, that the jury at least had knowledge, and possibly considered, the fact that appellant had been involved in a prior police brutality case. This was despite the fact that the court excused all prospective jurors who admitted to such knowledge on voir dire. No evidentiary hearing was ever held. As a general rule, a juror may not impeach his or her own verdict after the jury has been discharged. *Commonwealth v. Sero,* 478 Pa. 440, 387 A.2d 63 (1978). The exception to this rule, however, permits discharged jurors to testify as to the existence of outside influences during their deliberation. *Commonwealth v. Zlatovich,* 440 Pa. 388, 269 A.2d 469 (1970). Thus, appellant should be afforded a hearing at which he may present evidence of extraneous influences that might have affected the jury during their deliberation. *Commonwealth v. Sero, supra.*

Case remanded for an evidentiary hearing with respect to the existence of outside influences on the jury during deliberation. Jurisdiction is retained.

DEL SOLE, J., filed a dissenting opinion.

DEL SOLE, Judge, dissenting:

Appellant raised allegations in his Motion for a New Trial that the jury had knowledge of, and possibly considered, his involvement in an unrelated civil matter wherein the Appellant was found liable for police brutality, malicious prosecution and related charges. These averments are set forth in Appellant's motion for a new trial as follows:

1. Following the conclusion of the trial of the Defendant in the above referenced matter and the return of the jury's verdict, it has been learned by defense counsel that certain member(s) of the jury had prior knowledge of the

defendant's involvement in a civil matter concerning Kyle Hallam wherein a civil judgment was returned against the defendant, among others, on the liability theory of police brutality, malicious prosecution and related charges.

2. The defendant believes, and therefore avers, that the knowledge of this matter by various jury member(s) would taint and/or prejudice the jury against the defendant.

3. During voir dire, each member of the jury was asked if they had any knowledge of any of the parties in this action having been involved in any litigation. This question was directed to the matter of the Hallam case. Each jury member answered in the negative, however defendant believes, and therefore avers, that certain members of the jury were aware of the civil litigation outcome.

I would require further support for the Appellant's charge of improper conduct than these allegations. Merely alleging the consideration of an outside matter which may have influenced the jury's decision is not sufficient to warrant an evidentiary hearing. There are no affidavits from jurors; there is nothing in the record to support the charges.

The courts of this Commonwealth have long held that a juror may not impeach his or her verdict after the jury has been discharged. *Commonwealth v. Sero*, 478 Pa. 440, 447, 387 A.2d 63 (1978); *Commonwealth v. Pierce*, 453 Pa. 319, 322, 309 A.2d 371 (1973). There is a narrow exception to the "no impeachment" rule: jurors may be competent to testify as to the improper conduct of a *third party* whose actions may have tended to affect their verdict and deliberations. *Commonwealth v. Zlatovich*, 440 Pa. 388, 269 A.2d 469 (1970). This exception is inapplicable to the present case. But even in these unusual cases when an evidentiary hearing is held, allegations of third party misconduct have been supported by jurors' affidavits prior to the hearing.

512

*See Zlatovich, supra; Welshire v. Bruaw,* 331 Pa. 392, 393, 200 A.67 (1938).

Based on the foregoing, I respectfully dissent.