J-S23016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| THEODORE JAMES JANICKI | : | |
| Appellant | : | No. 1039 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 27, 2018
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000990-2017

BEFORE: BENDER, P.J.E., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                     **FILED JUNE 03, 2019**

Appellant Theodore James Janicki appeals from the judgment of sentence of five months' probation following a bench trial and conviction for resisting arrest.[1]  Appellant's counsel has filed an ***Anders/Santiago***[2] brief and a petition to withdraw.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5104.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

We glean the following background from the record.[3] On January 20, 2017, the police received a call about a male "throwing rubbish out of an apartment." N.T. Trial, 5/14/18, at 46. Officer Sokheng Seng responded to the call, traveled to the location of the apartment, and saw "[b]elongings all over the sidewalk, a large amount of belongings, meaning clothes, boxes, empty boxes and full boxes of Cialis on the sidewalk." *Id.* at 47. Officer Seng identified Appellant, who was then sixty-three years old, as the person "throwing stuff out of the second floor window." *Id.*

Appellant eventually came downstairs to speak with Officer Seng and Officer Doug Edgell, who arrived separately. *Id.* at 48. The two officers asked Appellant to pick up the items he threw onto the street. *Id.* at 49. Appellant initially refused, but eventually relented. *Id.* at 50. Appellant, however, became belligerent and irate toward the officers and "used some choice language." *Id.* As a result, the officers decided to advise Appellant they were going to arrest him for disorderly conduct. *Id.* at 50-51.

Officer Edgell testified and corroborated Officer Seng's testimony. *Id.* at 57-61. The police arrested Appellant and transported him to the station. *Id.* at 62-63. Officer Edgell stated he completed the paperwork and began

---

[3] The trial court did not prepare a Pa.R.A.P. 1925(a) opinion. We state the facts in the light most favorable to the Commonwealth as verdict-winner. *Commonwealth v. Durie*, 17 A.3d 919 (Pa. 2011).

- 2 -

preparing Appellant to take him to the jail so he could be arraigned by video.

*Id.* at 62, 70. Officer Edgell explained the events as follows:

> Well, after I completed the paperwork and faxed it, I was getting him out, and it was a busy day at the police station that day, I took him out. Because of his age and everything, I wasn't cuffing him behind his back. I was, I told him I was going to put a prisoner belt on him and handcuff him to the front, and when I was taking him out, there were people outside, and he started to become disorderly again. He was telling me he was going to hit me and kick my ass and he wasn't going and I shouldn't have arrested him, and he made it clear several times telling me that he was going to hit me, and I said, you're not going to hit me. I said, don't do that. I said, everything you do is on camera, and I started to cuff him, and he did not comply. He was resistant. I could not get the cuffs on him. I called for help. Officer McQuaide was out in the lobby helping somebody, a civilian. He came in, and then started helping me with [Appellant]. We were trying to get him handcuffed, and he still was noncompliant, basically, you know, combative, and while we were trying to handcuff him, he punched me in the side of the face.

*Id.* at 63. Officer Edgell clarified that Appellant punched him with a closed

fist:

> It turned my head, it stunned me, it knocked my glasses off, and then me and Officer McQuaide were still trying to get him into custody, and he wasn't complying. Lieutenant Jameson responded from the crew area. He helped us. We were finally, you know, able to get him into custody.

*Id.* at 64.

Appellant was eventually transported to the jail and arraigned.

Meanwhile, Lieutenant Jameson[4] downloaded the video surveillance footage

---

[4] The Lieutenant's first name was not part of the record.

of the punch, which was later played at trial and moved into evidence. *Id.* at 67, 88-89, 102. Officer Mike McQuaide also testified, and his testimony corroborated the testimony of Officers Seng and Edgell. *Id.* at 78, 85.

At trial, the Commonwealth moved into evidence the transcript of Appellant's preliminary hearing testimony. *Id.* at 90. Appellant objected on the basis of relevance, specifically that his prior testimony could not be used to impeach him when he had not yet testified, but the court overruled the objection. *Id.* at 91. The Commonwealth read into evidence Appellant's testimony in which Appellant testified that if he did hit the officer, it was justified. *Id.* at 93-95.

Appellant subsequently testified that there was a second video that depicted him acting in self-defense in response to the police assaulting him. *Id.* at 109-10. Appellant essentially suggested that because his arrest was unlawful, he could not be found guilty of resisting arrest. *Id.* at 110. Appellant's counsel also questioned Appellant about whether he had been diagnosed with any disability and whether he heard of paranoid schizophrenia. *Id.* at 106-07.[5] The Commonwealth objected on the basis of relevance, but Appellant's counsel withdrew the question before the court ruled. *Id.* at 107.

---

[5] The exchange follows:

> [Appellant's counsel]. Okay. And what, do you know what your disability is? How, what you've been diagnosed with?

- 4 -

The trial court found Appellant guilty of resisting arrest. Following a pre-sentence investigation, on June 27, 2018, the court sentenced Appellant to five months' probation. Appellant's counsel timely appealed and filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders/Santiago** brief.

Before addressing the issues raised in the **Anders/Santiago** brief, we address counsel's petition to withdraw before reviewing the merits of the appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to Appellant; and (3) advising Appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that Appellant considers worthy of the court's attention. **See id.**

Additionally, counsel must file a brief that complies with the requirements set forth by the **Santiago** Court:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

---

A. Not really, no.

Q. Have you ever heard the phrase paranoid schizophrenia?

A. Yeah.

N.T. Trial at 106.

- 5 -

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Appellant's counsel has complied with the procedures for seeking withdrawal by requesting to withdraw in his appellate brief, sending Appellant a letter dated January 3, 2019 advising Appellant of his rights, and enclosing a copy of the *Anders/Santiago* brief. Ex. K to *Anders/Santiago* Brief; *see Goodwin*, 928 A.2d at 290. Moreover, counsel's *Anders/Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Counsel explains his reasoning and supports his rationale with citations to the record and pertinent legal authority. Therefore, counsel has complied with the technical requirements for withdrawal, *Santiago*, 978 A.2d at 361, and we

will independently review the record to determine if any non-frivolous issues are raised.  *See Flowers*, 113 A.3d at 1250.

Counsel has identified three issues in the ***Anders/Santiago*** brief:

(1) [T]he trial court's overruling of [Appellant's] counsel's objection to the Commonwealth's introduction of [Appellant's] testimony from the preliminary hearing[.]

(2) [T]he reference to [Appellant's] mental health condition at the outset of his direct testimony[.]

(3) [Appellant's] implied argument during his direct testimony that he could not be found guilty of resisting arrest because his arrest, in [Appellant's] view, had not been lawful.

***Anders/Santiago*** Brief at 15.

With respect to counsel's first issue, we note that counsel objected to the Commonwealth's introduction of Appellant's testimony from the preliminary hearing on the basis of relevance.  N.T. Trial at 90.  "Questions regarding the admission of evidence are left to the sound discretion of the trial court, and we, as an appellate court, will not disturb the trial court's rulings regarding the admissibility of evidence absent an abuse of that discretion." ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1036 (Pa. Super. 2014) (citation and internal quotation marks omitted).  Generally, a hearsay statement offered against an opposing party that was made by that party in an individual or representative capacity is commonly referred to as an admission by a party opponent.  Pa.R.E. 803(25).  Here, Appellant's counsel noted that although

- 7 -

counsel's original objection was based on Pa.R.E. 803.1(1)(A),[6] Appellant's preliminary hearing testimony also constituted an admission by a party opponent under Pa.R.E. 803(25). *See Anders/Santiago* Brief at 16. We agree with counsel that this issue is frivolous. *See id.*

With respect to counsel's second issue concerning the reference to a mental health condition, Appellant's counsel questioned Appellant about it and the Commonwealth objected. N.T. Trial at 106-07. Therefore, Appellant cannot claim that the trial court erred in permitting the reference. In any event, Appellant's counsel withdrew the question and thus, it is not of record. *See Commonwealth v. Fuller*, 485 A.2d 1197, 1198 (Pa. Super. 1984) (holding that issue was not preserved for appellate review because counsel withdrew the question at issue).

Lastly, Appellant's counsel identifies the issue that Appellant could not be found guilty for resisting arrest because Appellant's arrest was unlawful.

_____

[6] Pennsylvania Rule of Evidence 803.1(1)(A) states as follows:

> The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:
>
> **(1) Prior Inconsistent Statement of Declarant-Witness.** A prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and:
>
> (A) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;

Pa.R.E. 803.1(1)(A).

"Resisting arrest" is defined as "with the intent of preventing a public servant from effecting a lawful arrest **or discharging any other duty**, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104 (emphasis added). Here, Appellant punched Officer Edgell in the head, briefly stunning him, while the police were attempting to transport him to jail to be arraigned, *i.e.*, discharging a police duty. *See id.* We agree with counsel that Appellant's conduct constituted interference with a police duty. *See id.*; *cf. Commonwealth v. Jackson*, 907 A.2d 540, 546 (Pa. Super. 2006) (affirming conviction for resisting arrest where defendant struck officer who "was properly discharging his duties as a police officer when he ordered [defendant] to stop and submit to a frisk").

In sum, we conclude that the potential claims identified in the *Anders/Santiago* brief are frivolous. Moreover, our independent review of the record does not reveal any additional, non-frivolous issues in this appeal. *See Yorgey*, 188 A.3d at 1196-97; *Flowers*, 113 A.3d at 1250. For these reasons, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/2019