J-S23035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHYMEER BARNES | : | |
| | : | |
| Appellant | : | No. 1768 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 21, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003382-2020

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED SEPTEMBER 15, 2023**

Appellant, Shymeer Barnes, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for third-degree murder, persons not to possess firearms, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, possession of an instrument of crime ("PIC"), recklessly endangering another person ("REAP"), aggravated assault, and simple assault.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On June 15, 2019, [Appellant] shot and killed April Coleman
> [("Victim")], an innocent bystander, while shooting at

---

[1] 18 Pa.C.S. §§ 2502(c), 6105(a), 6106(a), 6108, 907, 2705, 2702(a), and 2701(a) respectively.

another individual.

Police Officer Sebastian Carbone testified that on June 15, 2019, at 1:30 p.m., at 2225 Ridge Avenue, in Philadelphia, Pa., he responded to a radio call of someone shot at the convenience store, CBM Beverage. Officer Carbone and his partner, Jessica Gwiazdowski, arrived on location within approximately three minutes. Upon arrival, P.O. Carbone observed a female with a gunshot wound to the left side of her head, slumped over on the floor at the Ridge Avenue entrance to the store. CBM Beverage had two entrances directly across from each other, one on Ridge Avenue and one on Cecil B. Moore Avenue. Medics arrived and transported the female. Officer Carbone remained on scene and viewed footage from a video camera located in the store which captured the shooting. While on scene, Officer Carbone was notified that the victim's name was April Coleman…, and that she had died from her injuries.

Detective Thorsten Lucke, of the Philadelphia Police Homicide Unit, testified that his primary responsibility is recovering, archiving, and analyzing video footage. He analyzed the video footage recovered from CBM Beverage. Detective Lucke presented a video compilation of the surveillance footage, which consisted of one surveillance system with a total of three interior cameras and one exterior camera.

The surveillance video which captured the murder was played for the court. It shows [Appellant] enter CBM Beverage at the Cecil B. Moore Avenue entrance. Inside the store, [Appellant] engages in a hand-to-hand transaction with an individual. [Appellant] remains near to the open doorway next to a female. He reaches into the female's fanny pack and removes an item. A male (later identified as Kyle Smith) enters the store, through the same entrance, and approaches [Appellant]. The two males engage in an animated discussion for approximately three and one half minutes. [Appellant] continually reaches his right arm behind his back during this interaction. The female with the fanny pack remains behind [Appellant], closer to the door. Seconds after the female moves away, Kyle Smith reaches toward his back pocket. [Appellant] reaches for Smith's back pocket with his left hand. After [Appellant] touches

Smith's back pocket, [Appellant] lunges sideways out of the door, moving his right arm from behind his back where a gun is immediately visible. [Appellant] points the gun at Smith and Smith ducks. An outside camera angle then shows [Appellant] jump from the doorway onto the street, still pointing the gun, that appears to be a revolver, because it has a cylinder. [Appellant] then steps toward the doorway, and fires a second round into the store, towards the direction of Ridge Avenue, before running off with the gun drawn.

The security footage inside the store facing Ridge Avenue shows the patrons reacting to the gunshots by ducking and running. [Victim], who is seated on the floor, on the Ridge Avenue side of the store, slumps over and appears to be nonresponsive.

Police Officer Theresa Weaver, from the Crime Scene Unit, testified that on June 15, 2019, she processed the crime scene. She viewed the video, took photos of the scene, and created a diagram. The building was located on a triangle where Cecil B. Moore and Ridge Avenues intersected. One door was located on Cecil B. Moore Ave., and the other on Ridge Ave. Officer Weaver estimated that the distance between entrances was approximately 31 feet. Officer Weaver observed blood on the door and the floor located at the Ridge Ave. entrance. There was a bullet strike mark on the sheet rock beside the door jam on Cecil B. Moore Ave. There was also a bullet strike mark on the door on Ridge Ave., near where [Victim] was located. No ballistic evidence was located at the scene.

\*     \*     \*

Counsel stipulated to the fact that Officer Daniel Cha, from the Philadelphia Firearms Identification Unit, would testify that a bullet recovered from the [Victim]'s body was a thirty-eight caliber copper alloy jacketed hollow point, which would be consistent with being fired from a revolver.

Dr. Victoria Sorokin, Assistant Medical Examiner, testified that she performed an autopsy on [Victim]. [Victim] was shot once in the head. The bullet entered her left temple and was recovered during the internal examination. Dr.

- 3 -

Sorokin opined that [Victim]'s cause of death was a gunshot wound to the head, and the manner of death was homicide.

(Trial Court Opinion, filed 8/24/22, at 2-6) (internal citations omitted).

Following a bench trial, the court convicted Appellant of the aforementioned offenses on February 23, 2022. On April 21, 2022, the court sentenced Appellant to an aggregate term of 18 to 36 years' incarceration followed by five years of probation. On Monday, May 2, 2022, Appellant timely filed a post-sentence motion, which the court denied on June 9, 2022. Appellant filed a timely notice of appeal on July 8, 2022. On July 18, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on August 8, 2022.

Appellant raises the following issue for our review:

Did the trial judge err as a matter of law by allowing a verdict of third-degree murder to stand which was against the weight and sufficiency of evidence?

(Appellant's Brief at 8).

Appellant argues that the video evidence shows that Appellant was lunging out of the store as he fired the first shot into the store and was outside the store when he fired the second shot. Appellant asserts that this demonstrates that he was blindly firing into the store. Appellant further notes that Victim was sitting at the opposite end of the store, which is approximately 30 feet from where Appellant fired his gun. Appellant claims that the "vast distance and skewed, interrupted line of fire by the entrance door is

- 4 -

representative of the lack of intent [Appellant] had to cause harm." (*Id.* at 15). Appellant contends that "[b]lindly shooting simply does not meet the standard of malice, but rather [Appellant]'s actions constitute gross negligence." (*Id.* at 16-17). Appellant concludes the Commonwealth failed to present sufficient evidence to sustain his third-degree murder conviction and that the verdict was against the weight of the evidence. We disagree.

When examining a challenge to the sufficiency of the evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)). Additionally:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

The Crimes Code defines murder as follows:

**§ 2502. Murder**

**(a) Murder of the first degree.**—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

**(b) Murder of the second degree.**—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

**(c) Murder of the third degree.**—All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

18 Pa.C.S.A. § 2502(a)-(c).

"Murder in the third degree is an unlawful killing with malice but without the specific intent to kill." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1219

(Pa.Super. 2011). Malice is defined as:

> [A] wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured…. [M]alice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super. 2001), *appeal denied*, 569 Pa. 716, 806 A.2d 858 (2002).

Additionally, our Supreme Court has stated:

> The quintessential example of the level of recklessness required to constitute malice is a defendant who shoots a gun into a crowd. "If a man fires a gun into a crowd and kills another it is murder, because the fact of the reckless shooting of a gun into a crowd is malice in law. That wicked and depraved disposition and that recklessness and disregard of human life is malice." *Commonwealth v. Malone*, 354 Pa. 180, 47 A.2d 445, 447 (1946) (citing *Commonwealth v. Hillman*, 189 Pa. 548, 42 A. 196 (1899)). *See also Commonwealth v. Daniels*, 467 Pa. 35, 354 A.2d 538 (1976) (affirming a conviction of aggravated assault where the defendant fired several gunshots in a bar full of people, seriously injuring one of the patrons, finding the conduct sufficiently reckless to exhibit an extreme indifference to the value of human life).

*Commonwealth v. Packer*, 641 Pa. 391, 405, 168 A.3d 161, 169 (2017). "Malice may be inferred by considering the totality of the circumstances." *Dunphy, supra*.

Instantly, the trial court found that the Commonwealth presented sufficient evidence to prove Appellant acted with malice. The record supports the court's conclusion. In his brief, Appellant concedes that he "blindly" shot

into a convenience store that was occupied by multiple people. Additionally, the Commonwealth presented surveillance video footage which depicts Appellant firing two bullets into a crowded convenience store. The video shows that multiple people ran for cover when Appellant began shooting and Victim was struck in the head by one of the bullets, resulting in her death. The evidence clearly demonstrates that Appellant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury to the people in the convenience store. **See Packer, supra**; **DiStefano, supra**. Therefore, we agree with the trial court that the Commonwealth presented sufficient evidence to sustain Appellant's third-degree murder conviction.

Regarding Appellant's weight claim, we note that Appellant fails to proffer any argument in support of his claim other than baldly asserting that "[t]he court failed to consider the cumulative distance and position in which [Appellant] shot the gun and the resulting lack of intent to cause actual harm." (Appellant's Brief at 16). As such, Appellant has waived his claim. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Hakala**, 900 A.2d 404 (Pa.Super. 2006), *appeal denied*, 589 Pa. 737, 909 A.2d 1288 (2006) (stating failure to develop argument on appeal results in waiver).

Moreover, Appellant's weight claim would not merit relief in any event. The court viewed surveillance video footage showing exactly where and how Appellant fired his gun into the convenience store. The court further saw video

of the people located inside the store and their reactions to Appellant's shooting. Based on the evidence presented, the trial court did not abuse its discretion in concluding that the verdict did not shock its conscience. **See Champney, supra**. Accordingly, Appellant's sole issue on appeal fails and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2023